FILED
___ O'clock & ___ min
MAY 2 6 2006
United States Bankruptcy Court
Columbia, South Carolina (4)

ENTERED
MAY 2 6 2006
B. R. M.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>Brandon C. Grimsley and<br>Robyn L. Grimsley,<br><br>Debtors. | C/A No. 04-02072-JW<br><br>Chapter 13 |
| IN RE:<br><br>Lawrence Dozier and Gloria Dozier,<br><br>Debtors. | C/A No. 02-08614-JW<br><br>Chapter 13 |

### ORDER AMENDING APRIL 28, 2006 ORDER IN CASE NO. 04-02072 AND DISOLVING THE RULE TO SHOW CAUSE IN CASE NO. 02-08614

This matter comes before the Court upon an Order to Appear and Show Cause for Richard A. Blackmon ("Blackmon"), to appear and explain his failure to represent Lawrence Dozier and Gloria Dozier ("Doziers") with regard to their Motion to Incur Debt, filed *pro se* by the Doziers on April 17, 2006. Blackmon also moved to reconsider an April 28, 2006 Order issued in the case of Brandon C. Grimsley and Robyn L. Grimsley ("Grimsleys"), which sanctioned Blackmon for failing to provide adequate representation to the Grimsleys. Pursuant to 11 U.S.C. §§ 105 and 329[1] and Local Civil Rule 83.IX.02 DSC, the Court makes the following Findings of Fact and Conclusions of Law.[2]

#### FINDINGS OF FACT

**Richard A. Blackmon**

1.    Blackmon is an attorney authorized to practice law before this Court and before the South Carolina District Court.

---

[1] Further references to the Bankruptcy Code (11 U.S.C. § 101 *et seq.*) shall be made by section number only.
[2] To the extent any of the following Findings of Fact constitute Conclusions of Law, they are adopted as such, and to the extent any Conclusions of Law constitute Findings of Fact, they are so adopted.

2.  Attorneys practicing before this Court are bound by SC LBR 9010-1(d) to provide their clients with representation for all matters arising with respect to their clients' bankruptcy cases.[3]

3.  On April 24, 2006, Blackmon was suspended from the practice of law by the South Carolina Supreme Court for a period of 60 days. In the Matter of Blackmon, Op. No. 26140 (S.C. Sup. Ct. filed Apr. 24, 2006) (Shearouse Adv. Sh. No. 16 at p. 35) (suspending Blackmon for failing to provide diligent and competent representation to his clients, including clients that sought relief in this Court). The South Carolina Supreme Court did not appoint a custodian for Blackmon's clients.

4.  Blackmon has an extensive history of suspension and discipline in the South Carolina courts. See In the Matter of Blackmon, 361 S.C. 641, 606 S.E.2d 777 (2004) (publicly reprimanding Blackmon for failing to properly communicate with his client and taking no action on a case for 16 months); In the Matter of Blackmon, 344 S.C. 83, 543 S.E.2d 559 (2001) (publicly reprimanding Blackmon for failing to properly communicate with clients and respond to communications from clients); In the Matter of Blackmon, 309 S.C. 400, 424 S.E.2d 472 (1992) (suspending Blackmon for 60 days for failing to properly communicate with a client and for failing to file a response to discovery); In the Matter of Blackmon, 295 S.C. 333, 368 S.E.2d 465 (1988) (publicly reprimanding Blackmon for failing to file pleadings and for signing a judge's name to an order).

5.  Blackmon also has a lengthy history of receiving sanctions in this Court. In re Sorrell, C/A No. 89-04196-D (Bankr. D.S.C. Jan. 22, 1990); In re Ackerman, C/A No. 92-71775-D (Bankr. D.S.C. Dec. 3, 1992) (sanctioning Blackmon $750.00 for failing to timely file documents); In re English, C/A No. 02-10353-B (Bankr. D.S.C. Oct. 9, 2002) (ordering

---

[3] The attorney may exclude from representation appeals and adversary proceedings. SC LBR 9010-1(d).

2

Blackmon to disgorge fees for failing to properly prepare a petition); In re English, C/A No. 03-05760-W (Bankr. D.S.C. Dec. 9, 2003) (ordering Blackmon to pay $300.00 to the South Carolina Center for Equal Justice for failing to file an adequate plan); In re Grimsley, C/A No. 04-02072-W, slip op. at 2 (Bankr. D.S.C. Aug. 17, 2004) (sanctioning Blackmon for failing to file a stipulation of dispute); In re Jacobs, C/A No. 04-03912-W (Bankr. D.S.C. June 25, 2004) (dismissing a debtor's case with prejudice for a period of 180 days because Blackmon failed to timely file a declaration required by Operating Order 02-08 and failed to cure this deficiency within the ten day grace period given to him).

6.    Blackmon has filed numerous cases in this Court for individual debtors. As of May 18, 2006, Blackmon was the attorney of record for various debtors in thirty-three (33) pending cases, including the Grimsleys and the Doziers.

7.    Pursuant to Operating Order 06-02, the Court mandated that all attorneys who file documents with this Court use this Court's Case Management/Electronic Case Filing system ("CM/ECF") beginning March 1, 2006.

8.    The mandatory implementation of CM/ECF was preceded by a three year transitional period where attorneys were given the opportunity to become certified to use CM/ECF with the expectation that CM/ECF would become mandatory, after the transitional period.

9.    Electronic filing is also mandated by the South Carolina District Court, as well as other federal courts.

10.    Court records indicate that the undersigned wrote a letter to Blackmon on December 9, 2005 encouraging Blackmon to become certified to use CM/ECF on or before January 15, 2006.

11. Court records indicate that the Deputy Clerk of Court wrote a letter to Blackmon on February 9, 2006 advising Blackmon that electronic filing would become mandatory on March 1, 2006.

12. The Court published on its web site notice that electronic filing would become mandatory on March 1, 2006 as wells as notice of numerous CM/ECF training sessions between 2003 and 2006.

13. Blackmon acknowledged at the hearing on May 18, 2006 that he was aware, well before March 1, 2006, that electronic filing would become mandatory in this Court on March 1, 2006.

14. Prior to March 1, 2006, Blackmon failed to receive the required certification to use CM/ECF and therefore was unable to file documents on behalf of his clients who had cases pending in this Court.[4]

15. Blackmon did not seek to withdraw as counsel in his pending case despite being unable to file pleadings for his existing clients.

### The Doziers

16. The Doziers retained Blackmon to represent them in their bankruptcy proceeding.

17. Blackmon filed Case No. 02-02072 for the Doziers on July 23, 2002 under chapter 13 of the Bankruptcy Code.

18. The Doziers paid Blackmon a $400.00 retainer to represent them and Blackmon agreed to receive an additional $350.00, to be paid through the Doziers' plan of reorganization.

---

[4] Court records indicate that Blackmon attended a CM/ECF training on December 16, 2003; however, Blackmon did not complete the required training, which would have certified him to file documents electronically. Blackmon also attended a day long training course on August 13, 2004 as part of a sanction ordered by this Court in the Grimsleys' case for a previous failure by Blackmon to follow this Court's orders.

4

19. The Doziers' case was previously subject to dismissal, with prejudice, because Blackmon failed to file an adequate plan on their behalf.

20. In April of 2006, the Doziers requested that Blackmon file a motion to incur debt on their behalf. Blackmon failed to file the requested motion on behalf of the Doziers.

21. The Doziers filed a *pro se* motion to incur debt on April 17, 2006. The Doziers' motion indicates that they made numerous efforts to contact Blackmon in order to have Blackmon file the motion on their behalf.

22. The Court issued a Rule to Show Cause on April 24, 2006, requiring Blackmon to appear and show cause why he should not be sanctioned for failing to represent the Doziers.

### The Grimsleys

23. The Grimsleys retained Blackmon to represent them in their bankruptcy proceeding.

24. Blackmon filed Case No. 04-02072 for the Grimsleys on March 26, 2004 under chapter 13 of the Bankruptcy Code.

25. The Grimsleys paid Blackmon a $1,000.00 retainer in 2004 to represent them.

26. The Grimsleys' case was previously subject to dismissal because they were prohibited from filing a plan in this case with prejudice because Blackmon failed to file a joint statement of dispute on their behalf pursuant to Operating Order 04-08. In re Grimsley, C/A No. 04-02072-W, slip op. (Bankr. D.S.C. July 16, 2004) (this order was later vacated by an order entered August 17, 2004 because the failure to file the joint statement of dispute was attributable to Blackmon).

27. Blackmon was sanctioned in this case for failure to comply with this Court's orders. In re Grimsley, C/A No. 04-02072-W, slip op. at 2 (Bankr. D.S.C. Aug. 17, 2004)

5

(ordering Blackmon to pay the clerk's office $200.00 and undergo six hours of directive training in the area of chapter 13 and court procedure).

28. In March of 2006, the Grimsleys requested that Blackmon file a moratorium on their behalf in order to suspend plan payments for a period of time. Blackmon advised the Grimsleys that he could not file for the requested relief because he was not certified to use CM/ECF. Blackmon indicated that he would attempt to secure substitute representation for the Grimsleys.

29. The Grimsleys' filed a *pro se* motion for a moratorium on March 30, 2006.

30. The Court issued a Rule to Show Cause on March 31, 2006, requiring Blackmon to show cause why he should not be sanctioned for failing to represent the Grimsleys.

31. A hearing was held on the Rule to Show Cause in the Grimsleys' case on April 17, 2006. After hearing arguments and reviewing the record, the Court entered an Order dated April 28, 2006 sanctioning Blackmon in the amount of $500.00 for failing to adequately represent the Grimsleys and ordering Blackmon to complete CM/ECF training by May 8, 2006.

32. On May 8, 2006, Blackmon moved to reconsider the April 28, 2006 Order on grounds that monetary sanctions were not specifically mentioned at the hearing on the Rule to Show Cause, monetary sanctions are not equitable, and that he could not comply with the Order regarding CM/ECF training because of his intervening suspension by the South Carolina Supreme Court.

33. The Court heard Blackmon's Motion to Reconsider in conjunction with the Rule to Show Cause issued in the Doziers' case on May 18, 2006.

6

## CONCLUSIONS OF LAW

### I. Blackmon owes a duty to represent his clients in this Court until relieved as counsel.

#### A. Blackmon is not relieved of his duty to represent by his failure to become certified to use CM/ECF.

At the hearing on April 17, 2006 in the Grimsleys' case, Blackmon attempted to excuse his failure to file documents on behalf of the Grimsleys on the Court mandating the use of CM/ECF. The Bankruptcy Court implemented CM/ECF in January of 2003. Electronic filing was not initially made mandatory in order to give practicing attorneys an adequate transitional period. As was done in other courts, including the South Carolina District Court, the Court later mandated the use of CM/ECF by attorneys. The order mandating the use of CM/ECF in this Court was entered on March 1, 2006, more than three years after this Court's implementation of CM/ECF. The Court's records also indicate that Blackmon received notice of this requirement prior to CM/ECF becoming mandatory through announcements on the Court's web page and personal communications on several occasions.

Blackmon correctly recognizes that an attorney must be certified by the Court to file documents through CM/ECF; however, he is incorrect in suggesting that his lack of certification relieves him of his continuing duty to represent his clients in this Court.

South Carolina Local Bankruptcy Rule 9010-1 states in relevant part:

> **Extent of an Attorney's Duty to Represent.** Except as may be provided in an attorney's written agreement with a party concerning appeals and adversary proceedings, any attorney who files documents for or on behalf of a debtor or party in interest shall remain the responsible attorney of record for all purposes including the representation of the party at all hearings and in all matters that arise in conjunction with the case. The Court may permit counsel to withdraw from representation of a party upon motion which details the reason for the request for withdrawal and indicates the consent of that party or upon notice and an opportunity for hearing to that party and any trustee appointed in the case.

7

SC LBR 9010-1(d).

Reading Operating Order 06-02 and SC LBR 9010-1(d) together requires an attorney, who is not certified to use CM/ECF by the Court and who has cases pending in this Court, to either become certified to use CM/ECF or seek to be relieved as counsel.

The Court takes judicial notice that Blackmon filed approximately 80 cases in this Court after January 1, 2003 but did not receive the required CM/ECF training so that he could adequately represent his clients after electronic filing became mandatory nor did he seek to protect the interest of his clients by moving to withdraw as counsel in his pending cases. At the hearing on May 18, 2006, Blackmon again attempted to explain his failure to become CM/ECF certified. Blackmon stated that he decided not to become certified to use CM/ECF because he did not intend to file new cases after October 17, 2005, the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. Despite this decision to not file new cases, Blackmon ignored his duty to represent his existing clients in pending cases after March 1, 2006, by not becoming certified to file electronically, although he continued to receive attorney's fees in many of these pending cases. As the Doziers' case and the Grimsleys' case demonstrates, Blackmon's clients in this Court had ongoing needs after March 1, 2006, which Blackmon could not meet because he did not become certified to use CM/ECF.

**B.     Blackmon is not relieved of his duty to represent by his attempt to exclude certain representation from his fee agreement.**

Blackmon also argued that the motions required by the Grimsleys and the Doziers may be excluded by his fee agreement with these debtors. At the hearing on May 18, 2006, it became evident that neither Blackmon nor his counsel are aware of when the current version of SC LBR 9010-1(d) took effect. The current version of SC LBR 9010-1(d) took effect prior to Blackmon filing the cases at issue and this rule is substantially the same as when it was first effective in

8

1991.[5] As this Court has noted in various opinions interpreting SC LBR 9010-1(d), attorneys cannot exclude from their fee agreement the sort of representation Blackmon was required to provide to the Doziers and Grimsleys in these cases nor may attorneys condition this type of representation on payment being received prior to service. See Johnson v. Bank of Travelers Rest (In re Johnson), C/A No. 02-12454-W, Adv. Pro. No. 03-80212-W, slip op. at 2 (Bankr. D.S.C. May 8, 2003) (noting that debtors' counsel should be fully advised of the requirements of SC LBR 9010-1(d) as adopted in October 2001); In re Stamper, C/A No. 02-09812-W, slip op. at 5-6 (Bankr. D.S.C. Dec. 19, 2005) (finding SC LBR 9010-1(d) valid and requiring debtors' counsel may not condition representation on the debtor paying any additional fee in advance). In this case, Blackmon was required to provide the representation requested by the Grimsleys and the Doziers pursuant to SC LBR 9010-1(d).

C.  **Blackmon is not relieved of his duty to represent by his intervening suspension by the South Carolina Supreme Court.**

Effective April 24, 2006, Blackmon was prohibited from practicing law in the State of South Carolina. See In the Matter of Blackmon, Op. No. 26140 (S.C. Sup. Ct. filed Apr. 24, 2006) (Shearouse Adv. Sh. No. 16 at p. 35). Despite this prohibition from practicing law, Blackmon remained under a duty to his clients in this Court to represent them pursuant to Local Rule 9010-1(d).[6] Local Rule 9010-1(d) does not automatically relieve an attorney of his duty to represent if there is a suspension or disbarment by the state court. Further an attorney licensed to practice before the South Carolina District Court may practice in this Court. See Theard v. United States, 354 U.S. 278, 281, 77 S.Ct. 1274 (1957) (holding disbarment by federal courts does not necessarily flow from disbarment by state courts); See In re Desilets, 291 F.3d 925, 928

---

[5] A previous version of Local Rule 9010-1(d), effective between 1999 and 2001, may have allowed Blackmon to exclude certain representation from his fee agreement.
[6] A custodian of Blackmon's files was not appointed.

(6th Cir. 2002) (holding that state and federal court admissions were separate privileges); Local Rule 83.IX.02 DSC (conditioning admission to practice in this Court only on admission to practice before the District Court); SC LBR 9010-1(a) (setting forth the classes of attorneys who may practice before this Court). Blackmon has not been suspended to practice before the South Carolina District Court and therefore he has not been reciprocally suspended to practice in this Court. See Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S.Ct. 2123 (1991) (holding "a federal court has the power to control admission to its bar") (citing Ex parte Burr, 9 Wheat. 529, 531, 6 L.Ed. 152 (1824)); Wrighten v. U.S., 550 F.2d 990, 991 (4th Cir. 1977) (holding that a disbarment by the South Carolina Supreme Court is not binding on the federal court although the disbarment is entitled to great respect); In re Tennyson, C/A No. 00-04481-B, slip op. (Bankr. D.S.C. Jan. 20, 2006) (noting that suspension in this Court is effective upon suspension by the District Court, although the attorney may be authorized to practice before the state court); Local Rule 83.I.08 DSC (RDE Rule II(D)) (delaying discipline in the South Carolina District Court for a period of time after the attorney is disciplined by another court); SC LBR 9010-1(a) (stating that an attorney admitted to practice before the South Carolina District Court is admitted to practice before this Court).

This Court recognizes that the combined effect of Local Rule 83.IX.02 DSC and SC LBR 9010-1(d) may place counsel in a difficult position with the state bar if he is prohibited from practicing law in this jurisdiction by one court but nevertheless required to represent his clients in the same jurisdiction by another court. See Thread, 354 U.S. at 281 (holding that although a lawyer is admitted to practice before the federal court by way of admission to the state court, the lawyer is not necessarily sent out of federal court by the same route and that the federal judiciary has autonomous control over the officers of the court); Desilets, 291 F.3d at 928 (holding an

10

attorney may practice in the bankruptcy court although not authorized to practice law by the state court); In re Peterson, 163 B.R. 665, 674-675 (Bankr. D. Conn. 1994) (noting under the "federal practice exception" that an attorney not licensed to practice before the state court may nevertheless practice before the bankruptcy court in certain situations). However, Blackmon's difficulty is due to his consistent failure to provide adequate representation to his clients, which resulted in his suspension by the South Carolina Supreme Court. See In the Matter of Blackmon, Op. No. 26140 (S.C. Sup. Ct. filed Apr. 24, 2006) (Shearouse Adv. Sh. No. 16 at p. 35). Furthermore, Blackmon acknowledged in his Motion to Reconsider that he knew his suspension by the state court was imminent. Blackmon also acknowledged at the hearing on May 18, 2006 that he knew that this Court was mandating electronic filing prior to the Court mandating the use of CM/ECF. Blackmon could have protected his clients and prevented his current predicament by withdrawing as counsel in his pending cases either before this Court mandated electronic filing or before his suspension. Despite these opportunities to mitigate damages to his clients and to himself, Blackmon failed to timely withdraw and to become certified to file electronically.

## II.    Blackmon failed to provide diligent and competent representation to the Doziers and the Grimsleys.

According to the Grimsleys' Motion they began attempts to contact Blackmon on March 13, 2006, but were unable to discuss their case him until Blackmon returned their call on March 15, 2006 and informed them that he was not certified to use CM/ECF. Blackmon advised the Grimsleys that he would locate another lawyer to file the motion on their behalf; however, Blackmon did not seek to withdraw as counsel in the Grimsleys' case nor did he timely find them substitute counsel. After Blackmon failed to timely file a moratorium motion on the Grimsleys behalf, they visited Blackmon's office, where he again advised the Grimsleys that he was meeting with another attorney for them later that afternoon. Unable to receive the

11

representation that they retained Blackmon to provide, the Grimsleys filed the Motion *pro se* on March 30, 2006. At the hearing on April 17, 2006, Blackmon acknowledges his contact with the Grimsleys in March and his failure to file a moratorium motion on their behalf. Previously in this case, the Grimsleys were subject to having their case dismissed because Blackmon did not follow an operating order regarding valuation disputes and the Court issued an order prohibiting the Grimsleys from filing a plan in this case. In re Grimsley, C/A No. 04-02072-W, slip op. (Bankr. D.S.C. July 16, 2004).

According to the Doziers' motion, they attempted to contact Blackmon numerous times so that Blackmon would file a motion to incur debt on their behalf; however, they were unsuccessful in their attempts to reach Blackmon. The Doziers filed a *pro se* motion to incur debt on April 17, 2006. Blackmon asserted at the hearing on May 18, 2006, that, to his knowledge, the Doziers contacted him only once on April 13, 2006. The Court nevertheless finds that Blackmon failed to adequately communicate with the Doziers, as alleged in the Doziers' motion to incur debt and as Blackmon has done on other occasions documented by the South Carolina Supreme Court. See In the Matter of Blackmon, Op. No. 26140 (S.C. Sup. Ct. filed Apr. 24, 2006) (Shearouse Adv. Sh. No. 16 at p. 35) (noting that Blackmon failed to properly communicate with three of his clients that sought relief in this Court); In the Matter of Blackmon, 361 S.C. 641, 606 S.E.2d 777 (2004) (publicly reprimanding Blackmon for failing to properly communicate with a client); In the Matter of Blackmon, 344 S.C. 83, 543 S.E.2d 559 (2001) (publicly reprimanding Blackmon for failing to properly communicate with clients and respond to communications from clients); In the Matter of Blackmon, 309 S.C. 400, 424 S.E.2d 472 (1992) (suspending Blackmon for 60 days for failing to properly communicate with a client).

Additionally, it appears that the Doziers were also subject to having their case dismissed, with prejudice, because Blackmon failed to file an adequate plan on their behalf.

Attorneys practicing in this Court are required to provide competent and diligent representation to their clients. See In re Feagins, C/A No. 05-08208-W, slip op. (Bankr. D.S.C. Jan. 18, 2006) (reducing an attorney's fees who failed to file an adequate plan and noting the requirement to provide competent and diligent representation). Both the Doziers and the Grimsleys were subjected to deficient representation by Blackmon as a result of his failure to file adequate and necessary pleadings on their behalf and Blackmon's failure to adequately communicate with these debtors. The Court finds that Blackmon's failure to represent these debtors falls below the acceptable standard of professional conduct. Blackmon suggests in his Motion to Reconsider, that the Grimsleys actually benefited from his deficient representation because they obtained representation from another attorney at no cost. This suggestion is illogical and contrary to the standards of professionalism imposed on every attorney practicing in this Court. Any incidental benefit that the Grimsleys or the Doziers received as a result of obtaining another counsel does not excuse Blackmon from his requirement to provide competent and diligent representation to his clients, which he did not provide in these cases.

III.    **The Court alters the April 28, 2006 Order and Judgment in the Grimsleys' case.**

    A.    **The Court will not hold Blackmon in contempt for not becoming certified to use CM/ECF on or before May 8, 2006.**

Blackmon moved to reconsider the April 28, 2006 Order in the Grimsleys' case, which required Blackmon to become certified to use CM/ECF on or before May 8, 2006, a date requested by and agreed to by Blackmon at the April 17, 2006 hearing on the Rule to Show Cause in the Grimsleys' case. Blackmon argued in his motion to reconsider that his intervening suspension made it impossible for him to comply with the Order because South Carolina's Office

13

of Disciplinary Counsel orally advised him that he could not undertake CM/ECF training without violating the South Carolina Supreme Court's April 24, 2006 Order suspending Blackmon from the practice of law. Blackmon alleged at the hearing on the motion to reconsider that, immediately before the hearing on this matter, he was provided with a written document from the Office of Disciplinary Counsel giving him permission to complete the certification. Regardless of whether Blackmon had or needed the permission of South Carolina authorities to obtain CM/ECF certification, Blackmon received, the day before the hearing on this matter, the required training to become certified to use CM/ECF and therefore the Court will not hold Blackmon in contempt at this time for failing to comply with the deadline to become certified to use CM/ECF as stated in the April 28, 2006 Order in the Grimsleys' case.

**B.    The Court amends the April 28, 2006 Order so as to suspend the requirement that Blackmon pay $500.00 to the Grimsleys' Trustee on or before May 8, 2006.**

Blackmon additionally seeks for the Court to amend or reconsider its April 28, 2006 Order to the extent that the Order required Blackmon to remit $500.00 to the Grimsleys' chapter 13 trustee. Reduction of Blackmon's attorney's fees in these cases appears appropriate because Blackmon's representation of these debtors fell below the acceptable standards of professional conduct. Blackmon nevertheless argues that he should not be required to return $500.00 of his fee because this sanction was not awarded at the hearing on the initial Rule to Show Cause, that payment of the sanction is not possible because his intervening suspension has resulted in him having no money to pay the sanction, and that this sanction is not otherwise justified because he only received a $1,000.00 fee to represent the Grimsleys in their bankruptcy case. The Court rejects each of these arguments. Blackmon had adequate notice in the Rule to Show Cause, issued in the Grimsleys' case, that the Court may assess sanctions pursuant to § 105. The

14

indications of an oral ruling of the Court is not final when the Court indicates that a final written order will be issued. Further, the fact that Blackmon did not receive a large fee in these cases does not weigh against reducing his fees. The practice of law in this Court is not comparable to the free market notion of "you get what you pay for." Local Rule 9010-1(d) and the standards of professional conduct each impose baseline standards for representation in this Court. The failure of an attorney to meet these basic standards subjects the attorney to having his fee reduced pursuant to § 329, regardless of the amount of the fee charged to a debtor. Finally, the Court accepts that Blackmon does not have sufficient assets in his bank account to pay the sanction. It will not alter the previous order on this ground but it will not at this time hold Blackmon in contempt for failing to pay the sanction.

Although the Court rejects each of Blackmon's arguments for altering the April 28, 2006 Order, it suspends the requirement that Blackmon return $500.00 of his fee to the Grimsleys' chapter 13 trustee based upon Blackmon's agreement on the record not to practice law in this Court for a period of time and based upon the suspension of Blackmon from practice before this Court, as set forth herein.

IV.   **Blackmon is suspended from further practice before this Court**

Pursuant to § 105, this Court has the inherent power to regulate litigants that appear before this Court. See In re Walters, 868 F.2d 665, 669 (4th Cir.1989) (noting a bankruptcy court's broad power under § 105); In re Brown, 270 B.R. 43 (Bankr. D.S.C. 2001) (sanctioning a law firm for engaging in the unauthorized practice of law and noting the Court's broad power to regulate the parties that appear before the Court); In re Moix-McNutt, 220 B.R. 631, 638 (Bkrtcy. E.D. Ark. 1998) (relying on its inherent authority, the court suspended an attorney and a law firm from representing debtors under any chapter of the Bankruptcy Code in both districts of

15

Arkansas for four years).  Included in this power to regulate litigants is the power to suspend lawyers from practicing before this Court.  See Chambers, 501 U.S. at 43 (noting the separate power of the federal judiciary to control admission to practice before the federal courts).

Blackmon's inadequate representation of the debtors in these cases and numerous other cases over the past seventeen years and the periodic suspensions of Blackmon by the South Carolina courts convinces this Court that Blackmon is not adequately prepared to practice law before this Court.  Blackmon appears to lack a basic working knowledge of this Court's operating orders and local rules and has not provided complete and competent representation to his clients that seek relief in this Court.  The Court has previously suspended attorneys from practicing before this Court when the quality of an attorney's representation was consistently deficient.  See McDow v. Jacobsen (In re Denis), C/A No. 03-05237-W, Adv. Pro. No. 03-80538-W, slip op. (Bankr. D.S.C. Nov. 3, 2003); McDow v. Held (In re Forester), C/A No. 95-72290-W, Adv. Pro. No. 95-8277-W, slip op. (Bankr. D.S.C. Mar. 14, 1996).  Blackmon agreed on the record that he would not practice law in this Court for a period of time.

Based upon the foregoing, the Court suspends Blackmon from practicing law before this Court for a period of twelve (12) months from the date of the entry of this Order.  See Local Rule 83.IX.02 DSC (allowing this Court to determine an attorney's eligibility to practice before this Court).  Upon the conclusion of that period, Blackmon must file a motion to resume practice before this Court if he desires to resume his practice before this Court. Blackmon shall not file a motion to be reinstated to practice before this Court unless he completes twelve (12) hours of continuing legal education in the area of "ethics" and twenty-four (24) hours of continuing legal education in the area of "bankruptcy," from the date of entry of this Order.  All such continuing legal education courses must be approved for continuing legal education credit by the South

Carolina bar. Blackmon may move for reinstatement twelve (12) months from the date of entry of this Order, provided he meets the conditions set forth herein, and is in good standing with the South Carolina bar and the South Carolina District Court. Any reinstatement shall be in the sole discretion of this Court and may be conditioned upon terms that the Court deems necessary. Prior to seeking reinstatement, Blackmon shall provide thirty (30) days written notice to the United States Trustee and all chapter 13 trustees that he is seeking reinstatement to practice before this Court. These sanctions are warranted in light of the deficiencies in the cases before this Court and these sanctions are consistent with previous sanctions imposed by this Court. See Jacobsen, slip op. at 4 (suspending an attorney for 1 year for numerous deficiencies); Held, slip op. at 6 (suspending an attorney for 18 months for numerous deficiencies).

V.    **Effect of suspension on Blackmon's pending cases.**

   A.    **Blackmon shall move to be relieved as counsel in all pending cases before this Court where he represents a party.**

Notwithstanding Blackmon's suspension, the Court grants leave to Blackmon to move to be relieved as counsel in all pending cases before this Court where he represents a party and to appear at any hearing on a motion to be relieved as counsel.

   B.    **Blackmon's attorney's fees from his pending cases.**

Based upon his failure to adequately represent the Doziers and the Grimsleys in this Court and pursuant to §§ 105 and 329, Blackmon is not entitled to receive any additional fees in those case, which have not already been paid. The chapter 13 trustees may move to disgorge Blackmon's fees in other cases in which they deem his representation has been deficient. The trustees may also object to any claim that Blackmon has in pending cases for attorney's fees, which have not been disbursed, based upon this Order or based upon Blackmon's representation of his clients in those cases. This Order shall be served on all chapter 13 trustees in this District

17

this District and the United States Trustee, and to other such authorities as the United States Trustee deems appropriate, in order to effectuate the terms of this Order.

**VI.    The Court may consider further and additional sanctions against Blackmon.**

Notwithstanding any provision in this Order, the Court reserves the right to impose additional sanctions against Blackmon in all other cases before this Court for which Blackmon is or was the attorney of record, if it finds Blackmon's representation of his clients in those cases is deficient. The Court may also impose additional sanctions if Blackmon fails to comply with the terms and conditions of this Order.

**AND IT IS SO ORDERED.**

_____
UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina,
May 26, 2006